UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FRANK U. WETMORE, )<br>)<br>Plaintiff )<br>v. )<br>)<br>MACDONALD PAGE & )<br>COMPANY, LLC, )<br>)<br>Defendant. ) | Civil Docket No. 2:06-CV-00026-GZS |

**OBJECTION TO DEFENDANT'S BILL OF COSTS WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff Frank U. Wetmore ("Wetmore") objects to the Bill of Costs filed by Defendant, Macdonald Page & Company, LLC ("Macdonald Page").

Macdonald Page is seeking well over sixty-thousand dollars in its Bill of Costs without even an explanation for why it believes that this enormous amount of costs qualify for taxation. The Court is only allowed to tax certain specified costs under the 28 U.S.C.A. § 1920, yet Macdonald Page's filing makes no attempt whatsoever to explain how any of the claimed costs qualify for taxation. This improper Bill of Costs must therefore be denied in its entirety.

*Applicable Law*

Not all costs are taxable. The Supreme Court has clearly held that federal courts *cannot* tax costs other than those enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987) (in awarding costs to a prevailing party, "federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920.") Under that statute, only the following six items are allowable as costs:

(1) Fees of the clerk and marshal;

> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The disbursement of witness fees is governed by 28 U.S.C. § 1821, which provides for payment of fees incurred by "a witness in attendance at any trial" or "his deposition" in the amount of $40 per day. *See Crawford Fitting Company v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987) ("We agree and hold that when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary."); *Denny v. Westfield State College*, 880 F.2d 1465 (1st Cir. 1989) ("[S]ection 1821 limits the amount of witness fees awardable, and section 1920 allows a court to tax such fees as costs only within those limits.").

The First Circuit has clearly held that "Rule 54(d) confers *no discretion* on federal courts independent of the statute to tax various types of expenses as costs." *In re Two Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 994 F.2d 956, 962 (1st Cir. 1993) (emphasis added). It is equally clear that the District Court does possess "broad discretion to *deny* costs as long as it offers a sound reason for doing so." *N. Sheehy v. Town of Plymouth*, 2001 WL 92386, at 4 (D. Mass. Jan. 18, 2001) (citing *In re San Juan*, 994 F.2d at 963) ("[I]f the basis for denying costs is readily apparent on the face of the record, a trial court need not explain its action merely for explanation's sake.").

Macdonald Page bears the burden of establishing that the costs that it is claiming are taxable. *See* Local Rule 54.3 ("Bill of costs shall be…filed with supporting memoranda….") The Second Circuit has explained the importance of requiring parties to substantiate costs:

> We do not read that Rule as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be.

*Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973). Supporting documentation is critical because only certain costs are taxable under the law. *See Denny v. Westfield State College*, 880 F.2d 1465, 1467 (1st Cir. 1989) (explaining that Congress "meant to impose rigid controls on cost-shifting in federal courts" by imposing the restrictions in sections 1920 and 1821).

*Argument*

I.  THE BILL OF COSTS SHOULD BE DENIED IN ITS ENTIRETY FOR FAILURE TO COMPLY WITH LOCAL RULE 54.3

Local Rule 54.3 says that a Bill of Costs "shall be filed with supporting memoranda . . .." The filing of the memorandum is *mandatory*. This requirement undoubtedly exists so that the opposing party and the Court will not be left guessing about why the party claiming costs believes that each claimed cost is taxable. It is the claiming party's burden to show that claimed costs qualify for taxation under 28 U.S.C. § 1920. The Court should not excuse Macdonald Page's failure to file the required memorandum because uniform enforcement of the rules is "essential to the operation of this Court." *Crowley v. L.L.*

*Bean*, 213 F.R.D. 84, 87 (D. Me. 2003) (Striking non-conforming request for attorneys' fees and costs because it did not comply with local rules).

 II. DEFENDANT'S CLAIMED COSTS ARE NOT TAXABLE

Even if the Court were inclined to entertain the defective Bill of Costs, each of the claimed costs is clearly outside the bounds of what is taxable under the law. Because 28 U.S.C.A. § 1920 only allows taxation of certain costs, and the costs claimed by Macdonald Page are excessive and do not qualify, the Bill of Costs should be denied.

 A. Deposition Transcripts

Macdonald Page claims $5,781.15 for court reporter fees. (Bill of Costs, Ex. A, Item 3.) The cost-shifting statute only allows for: "Fees of the court reporter for all or any part of the stenographic transcript *necessarily obtained for use in the case . . ..*" 28 U.S.C.A. § 1920. The First Circuit has explained that only costs for transcripts that "are either introduced in evidence or used at trial" may be taxed. *Templeman v. Chris Craft Corporation*, 770 F.2d 245, 249 (1st Cir. 1985) (emphasis added) (taxing costs for deposition transcripts where parts of each transcript were read "into the record in order for the court to determine which parts could be read to the jury"). Where deposition transcripts were "obtained only for convenience or to be helpful to counsel," they do not meet the showing of "special circumstances" and will not be taxed. *United States v. Davis*, 87 F.Supp.2d 82, 87 (D.R.I. 2000) (declining to award costs for deposition transcripts that were obtained only for counsel's convenience).

Macdonald Page asks the Court to tax costs for the deposition transcripts of (1) John Gurley, (2) Jeffrey Holden, Sr., (3) Thomas C. O'Donnell, (4) Stephen Bravo, (5) Frank U. Wetmore, (6) Stanley Jay Feldman and (7) Alan MacEwan. Macdonald Page

has made no showing that *any* of these depositions transcripts were actually used at trial, or that any "special circumstances" exist which warrant departing from this rule.

Neither Stephen Bravo nor Alan MacEwan were witnesses at trial and; therefore, their deposition transcripts were clearly *not* used at trial and these costs should be denied. Similarly, Macdonald Page clearly did *not* use the depositions of Jeffrey Holden, Sr. and Thomas C. O'Donnell—Macdonald Page's own witnesses—at trial. The deposition transcripts of Frank U. Wetmore and Stanley Jay Feldman are the only ones that *might* have been used by Macdonald Page at trial; however, Macdonald Page has provided no evidence that these transcripts were in fact used at trial.

John Gurley, Wetmore's expert witness, was deposed twice—once by Macdonald Page as a discovery deposition and once by Mr. Wetmore as a trial deposition because Mr. Gurley was not available to attend the trial. Macdonald Page requests $741.90 for the costs of obtaining a copy of the transcript of the trial deposition. This is not a taxable cost because Verrill Dana had already paid the $2,533.85 court reporter fees for Mr. Gurley's trial deposition. (Black Decl., Ex. A (Duvernay Reporting and Smith Atwood Video Services invoices.).) Any additional copies of this transcript obtained by Defendant's counsel were merely for counsel's convenience. Macdonald Page also requests $794.00 for the transcript of the discovery deposition of Mr. Gurley; however, Macdonald Page has failed to show that this transcript was used at trial. Furthermore, Macdonald Page seeks reimbursement for the original, plus one copy. Again, any copies of this deposition obtained by counsel were done for counsel's convenience.

Macdonald Page also requests taxation of the $719.95 cost of obtaining a transcript of the portions of the trial comprising opening statements and testimony of

Stanley Feldman. Again Macdonald Page has made *no showing* of how these transcripts were "necessarily obtained for use in this case", and such costs should therefore be denied.

B.      Copies

Pursuant to 28 U.S.C. § 1920, fees for "exemplification and copies of paper" are only taxable where those papers were "necessarily obtained for use in the case." Macdonald Page claims $313.34 in exemplification costs, without providing any explanation as to what was copied, how many copies were made, how much was charged per page, or why the copies were necessary. (Bill of Costs, Ex. A, Item 6.) Without such an explanation, it is impossible for the Court to determine whether these costs are taxable, and these costs should, therefore, be rejected. *See United States v. Davis*, 87 F.Supp.2d 82, 88 (D.R.I. 2000) ("[I]n order for copies to be taxable in a case, the party seeking to tax the cost must show some evidence of necessity. Photocopying costs for the convenience, preparation, research, or records of counsel may not be recovered."); *Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole,* No. 00-C-7620, 2004 WL 557388, at *3 (N.D. Ill. March 22, 2004) (denying copying costs where the only support provided was the firm's internal billing records—which failed to identify what was copied—and an attorney affidavit stating that the party was seeking costs for copies made for the document production and for use at trial); *United States ex rel. Evergreen Pipeline Construction Co. v. Merritt Meridian Construction Corp.*, 95 F.3d 153, 171 (2d Cir. 1996) (affirming denial of the majority of request for photocopy costs, where the party did not "itemize those costs or explain why those copies were necessary").

Just as taxation of unsubstantiated copying costs was denied in *Davis*, *Evergreen Pipeline* and *Interclaim Holdings*, so too should Macdonald Page's request be denied here.

C.      Expert Witness Fees

Macdonald Page seeks to recover (1) $55,350.79 in fees for Stephen J. Bravo, who did not even testify at trial; (2) $2,492.15 for Stanley Feldman; and (3) $1,404.00 for John Gurley.  (Bill of Costs, Ex. A, Item11(B).)  These costs are not taxable under 28 U.S.C. § 1821.

The reimbursement of witness fees is governed by 28 U.S.C. § 1821, which provides that "a witness in attendance at any court of the United States" shall be paid $40 per day, plus certain travel expenses.  Both the U.S. Supreme Court and the First Circuit have been clear that a party may not recover costs for expert witness fees beyond the limited fees allowed by section 1821 for an expert witness who testifies at trial.  *See Crawford Fitting Co.*, 482 U.S. at 439 (affirming limited award of expert fees in the amount of $30 per day for expert witness and declining to award majority of $11,807 in expert witness fees requested); *Denny v. Westfield State College*, 880 F.2d 1465, 1467 (1st Cir. 1989) (awarding only a "tiny fraction" of the $32,763 in expert witness fees requested and limiting award to the $30 per day cap provided by section 1821); *Sheehy v. Town of Plymouth*, 2001 WL 92386, at *8 (D. Mass. Jan. 18, 2001) (denying requested expert witness fees and noting "expert witness fees are not recoverable under 28 U.S.C. § 1920 or Rule 54.").[1]

---

[1] It should be noted that both *Crawford Fitting* and *Denny* dealt with an earlier version of section 1821 which provided a $30 per day cap, while the current version provides a $40 per day cap. *See* 28 U.S.C. § 1821(b).

In *Denny*, the First Circuit recognized that "Congress *comprehensively* addressed the taxation of fees for litigants' witnesses in 28 U.S.C. §§ 1821 and 1920….[and] [b]ecause Congress meant to impose rigid controls on cost-shifting in federal courts…court should be slow to infer that section 1821's cap has been lifted." 880 F.2d at 1467. The *Denny* Court, therefore, concluded that unless there is explicit statutory or contractual authorization to the contrary, section 1821 governs and limits the award of witness fees. *Id.* Section 1821 does not provide for reimbursement of expert witness fees charged for preparing an expert report, or assisting counsel in preparing for a trial or deposition. *See id.*

Macdonald Page is not entitled to recover any fees incurred for their expert, Stephen Bravo, who did not even testify at trial. Section 1821 is clear that expert witness fees are only recoverable for attendance at court or a deposition. As recognized by Macdonald Page, Verrill Dana has already paid the $2,900.46 costs of the deposition of Stephen J. Bravo; and Macdonald Page is not entitled to any more costs for this witness.

Stanley Feldman and John Gurley were Wetmore's expert witnesses. Macdonald Page is clearly not entitled to recover costs it *never* incurred for compelling these witnesses to attend the trial. If Macdonald Page were to seek the costs for attendance of these witnesses at deposition, they are not recoverable for several reasons. First, these were discovery depositions and there has been no showing that the depositions were used at the trial or otherwise necessary beyond merely assisting Defense counsel in preparing his case. Second, Macdonald Page could not recover more than $40 per day, plus reasonable travel expenses. John Gurley is from Portland, Maine, and so he incurred no travel expenses and Macdonald Page's papers only show $92.15 in mileage charges for

Dr. Feldman. Thus, even if deposition costs were recoverable, each deposition was a single day, so it would be impossible for the total taxable costs for these two witnesses to exceed $80, plus the $92.15 for Dr. Feldman's mileage.

D.  Attorney Travel Expenses

Macdonald Page seeks to recover $676.80 in travel expenses of counsel; however, such costs are not recoverable under 28 U.S.C. § 1920. (*See* Bill of Costs, Ex. A, Item 11(A).) Section 1920 does not list an attorney's out-of-pocket travel expenses as recoverable costs. *See Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997) (explaining that travel and related expenses by attorneys and paralegals may not reimbursed as costs pursuant to 28 U.S.C. § 1920).

F.  Docket Fees

Macdonald Page also seeks reimbursement in the amount of $30 for "[d]ocket fees under 28 U.S.C. 1923"; however, Macdonald Page provides no explanation as to what these fees are. (Bill of Costs Item 7.) Without providing an explanation of these fees, Macdonald Page is not entitled to recovery. Macdonald Page filed no written motions for judgment as law, and at any rate, all of its motions were denied.

## Conclusion

For the reasons above, Macdonald Page's Bill of Costs should be denied.

Dated: October 1, 2008                    */s/* Peter S. Black, Esq.
                                          Peter S. Black, Esq.
                                          James T. Kilbreth Esq.
                                          Attorneys for Frank U. Wetmore

VERRILL DANA, LLP
One Portland Square
P.O. Box 586
Portland, Maine 04112-0586

## **CERTIFICATE OF SERVICE**

      I, Peter S. Black, hereby certify that on October 1, 2008, I electronically filed the above document with the Clerk of Court using the CMIECF system which will send notification of such filing(s) to the following: Laurence H. Leavitt. I hereby certify that there are no non-registered participants in this case.

DATED:  October 1, 2008                                        /s/ Peter S. Black, Esq.
                                                                                               Peter S. Black, Esq.
                                                                                               James T. Kilbreth, Esq.
                                                                                               Attorneys for Plaintiff

VERRILL DANA, LLP
One Portland Square
P.O. Box 586
Portland, Maine 04112-0586