**UNITED STATES DISTRICT COURT**
**District of Maine**

| | |
|---|---|
| FRANK U. WETMORE, )  | |
| ) | Civil Action |
| Plaintiff ) | |
| ) | |
| vs. ) | No.: 2:06-cv-00026 |
| ) | |
| MACDONALD PAGE & ) | |
| COMPANY, LLC, ) | |
| Defendant. ) | |

ORDER ON BILL OF COSTS

Prevailing parties are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides in pertinent part: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs...." Those expenses which may be taxed are specified in 28 U.S.C. § 1920.

Having reviewed defendant's Bill of Costs with Incorporated Memorandum of Law (Docket No. 137) and plaintiffs' Objection to Bill of Costs with Incorporated Memorandum of Law (Docket No. 141), the Clerk of Court now taxes costs in favor of defendant in the amount of Three Thousand Two Hundred and Eleven dollars ($3211.00).

<u>Expert Witness Fees</u>

Defendants seek reimbursement for expert witness fees in the amount of $59,246.94 . Under 28 U.S.C. §1920(3), certain witness fees are taxable as costs. However, 28 U.S.C. §1821 limits the federal court in taxing costs paid to witnesses, including expert witnesses to the amount of $40.00 per day for attendance (28 U.S.C. § 1821(b));  reimbursement for actual expenses of the witness's travel, utilizing the most economical rate reasonably available (28

1

U.S.C. § 1821(c)(1)); and, a subsistence allowance paid to the witness to be reimbursed in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to §5702(a) of title 5 (28 U.S.C. § 1821(d)(2)).

Defendant's expert Stephen J. Bravo did not appear at trial, therefore no witness fees may be taxed for this witness. Stanley Feldman and John Gurley did appear at trial, however, they appeared as witnesses for the plaintiff not the defendant. The Clerk of Court hereby denies defendant's request for costs related to these witnesses to be taxed against plaintiff.

Witness Fees for Jeffrey Holden and Alan MacEwan

Defendant seeks reimbursement of witness fees in the amount of $50.00 for Jeffrey Holden, and $40.00 for Alan D. MacEwan. However, as supporting documentation for these fees defendant offers only check request forms for these amounts to be paid to these witnesses— these check request forms are otherwise blank, most notably the approval line on these documents is blank. As these forms do not document that payment was actually made to these witnesses, taxation of these costs against plaintiff is denied.

Attorney Travel Costs

Defendants seek reimbursement in the amount of $676.80 for counsel's travel expenses to attend oral arguments, mediation and to meet with a witness. However, "expenses for items such as attorney travel . . . are not deemed 'costs' within the meaning of the federal statute that provides for recovery of costs by a prevailing party." *Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 43 (1st Cir. 2006), see also *City Bank of Honolulu v. Rivera Davila*, 438 F.2d 1367 (1st Cir. 1971) and *Bruce v. Clark Equipment Co.*, WL 1807002, E. D. Cal. 2007. Thus, taxation of these costs against plaintiff is hereby denied.

Deposition Transcript Costs

Defendant seeks reimbursement for deposition transcript expenses in the amount of $5061.20.  Title 28 U.S.C. §1920 provides that transcript expenses "necessarily obtained for use in the case may be taxed as costs."  The First Circuit has held that the costs for deposition transcripts that are "either introduced in evidence or used at trial" should be taxed to the losing party. *Templeman v. Chris Craft Corp.* 770 F.2d 245, 249 (1st Cir. 1985).  The First Circuit also explained that it is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put in evidence or used at trial." *Id.*

However, postage, emailing, shipping and handling costs for the delivery of depositions are considered ordinary business expenses that may not be charged as taxable costs in relation to obtaining transcripts. *Alexander v. CIT Technology Financing Services, Inc*., 222 F. Supp. 2d 1087 (N.D. Ill. 2002), *see also Maurice Mitchell Innovations, L.P. v. Intel Corp*., 491 F.Supp.2d 684 (E.D. Tex. 2007) and *Treaster v. HealthSouth Corp*., 505 F.Supp.2d 898 (D. Kan., 2007).  Defendant's charges for items such as word indices and ASCII disks, which were incurred for the convenience of counsel, are also disallowed.  *Burton v. R.J. Reynolds Tobacco, Co*., 395 F. Supp.2d 1065 (D. Kan. 2005).

The Clerk of Court hereby taxes deposition transcript costs to the plaintiff in the amount of $3211.00 (Three thousand, two hundred and eleven dollars) for the depositions of Frank Wetmore and Stanley Feldman; and for copies of the depositions of John Gurley, Thomas O'Donnell and Jeffrey Holden.

Fees of the Court Reporter for Daily Transcripts

Defendant seeks reimbursement in the amount of $719.95 for the costs of daily transcripts of the opening statements from trial and the testimony of Stanley Feldman. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case are taxable as costs under 28 U.S.C § 1920(2). However, courts may not tax the costs of transcripts obtained merely for the convenience of the requesting attorney. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir.1993). The defendant has offered no persuasive reasons to justify the necessity of the daily transcripts of the opening statements and testimony of Stanley Feldman for use in this case, therefore, those costs are denied.

Docket Fees

Defendant seeks reimbursement for docket fees in the amount of $30.00. Without further explanation from the defendant, the Clerk of Court cannot determine the source of these "docket fees"; the United States District Court, District of Maine does not charge a docket fee for the filing of motions. These costs are therefore denied.

Fees for exemplification and copies of papers

Defendant seeks reimbursement for copying and printing charges in the amount of $313.34. Unfortunately, defendant does not provide any further information about these charges, making it impossible to determine whether these fees were incurred "for the exemplification and copies of papers necessarily obtained for use in the case". While the prevailing party is entitled to recover statutorily authorized costs incurred for exemplification and photocopying necessarily obtained for use in the case under 28 USC § 1920, not all photocopying costs are subject to

taxation. Because defendants have failed to adequately describe their taxable photocopying costs, these costs will be denied.

    IT IS SO ORDERED.

/s/ Linda L. Jacobson<br>
Linda L. Jacobson<br>
Clerk, U.S. District Court

Dated this 6th day of October, 2008